IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **TRISH ROTHWELL** § <br> § <br> § <br> **VS.** § <br> § <br> § <br> **MARSHALL CREEK RANCH, LLC and** § <br> **SHANDRA L. DORAN individually and** § <br> **d/b/a MARSHALL CREEK RANCH** § | **CIVIL ACTION NO. _____** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Trish Rothwell (hereinafter referred to as "Plaintiff"), in the above entitled and numbered cause, complaining of Defendants Marshall Creek Ranch, LLC and Shandra L. Doran individually and doing business as Marshall Creek Ranch. For cause of action, Plaintiff respectfully shows the Honorable Court the following:

**I. PARTIES**

1. Plaintiff Trish Rothwell is an individual who resides in Augusta, Augusta-Richmond County, Georgia.

2. Defendant Marshall Creek Ranch, LLC is a domestic Limited Liability Company that does business in the State of Texas. Defendant may be served with process by serving its registered agent for service Shandra Doran at 12 Durango Drive, Trophy Club, Texas 76262.

3. Defendant Shandra L. Doran, individually and d/b/a Marshall Creek Ranch is an individual that resides in the State of Texas. Defendant may be served with process at her resident address of 2228 Galloway Blvd., Roanoke, Texas 76262, or wherever she may be found.

## II. JURISDICTION AND VENUE

4. The Court has personal jurisdiction because Defendants have sufficient minimum contacts with Texas and have availed themselves of the rights, protections, and liabilities afforded by Texas' forum. Specifically, Defendants are registered with the Texas Secretary of State to conduct business in the State of Texas and, in fact, were doing business in Texas at the time of the events giving rise to the lawsuit.

5. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. §1332(a) as there is complete diversity of citizenship among the parties. Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this Judicial District.

## III. FACTUAL BACKGROUND

7. Upon information and belief, Defendants owned, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, supervised, permitted, and/or were employed at the subject premises located at 4401 T W King Road Southlake, Texas 76092 (hereinafter collectively referred to as the "Premises").

8. On or about April 6, 2021, Ms. Rothwell and her son were guests at the Marshall Creek Ranch (the "Ranch") to participate in a trail ride.

9. Prior to the ride, Defendants did not make a reasonable effort to determine Plaintiff's ability to engage safely in a horse ride, or safely manage the horse during the horse ride. Additionally, the equipment that was placed on the horse was not adequate for Plaintiff to safely

participate in the ride.

10. During the ride, Defendants horse bucked Ms. Rothwell off. Ms. Rothwell fell to the ground, landing on her back, and fracturing eight vertebrae. At the time of the Incident in Question, no warning notices were posted on Defendants' Premises, or, in the alternative, any such warning notice was not posted in a clearly visible location on or near the location of the trail ride.

11. This incident proximately caused personal injuries to Plaintiff and the damages that she suffered as set forth below.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION -- NEGLIGENCE

12. Plaintiff realleges as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained above, inclusive.

13. At the time of the Incident in Question, Defendants, jointly and severally, owed a duty of care to Plaintiff to:

(1) provide her with sufficient equipment or tack to safely participate in the horse ride;

(2) provide her with a horse that Defendants knew or should have known would safely participate in a horse ride with Plaintiff;

(3) make a reasonable and prudent effort to determine Plaintiff's ability to engage safely in a horse ride;

(4) make a reasonable and prudent effort to determine Plaintiff's ability to safely manage the horse during the ride; and,

(5) keep the Premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition(s) or preventing/curing/removing/fixing the dangerous condition(s) that caused the horse to buck.

14. Plaintiff contends that Defendants, jointly and severally, breached the above-mentioned duties of care, because they negligently and carelessly committed the above-mentioned acts or omissions with willful or wanton disregard for Plaintiff's safety, and such acts and

omissions caused Plaintiff Rothwell to be seriously injured. Plaintiff also relied on the acts/omissions of the Defendants, jointly and severally, to her detriment.

15. As a direct result of the acts and omissions of the Defendants, jointly and severally, Plaintiff Rothwell was hurt and injured in her health, strength and activity, sustaining injuries to her body, all of which said injuries have caused and continue to cause Plaintiff Rothwell great physical and mental pain and suffering. Plaintiff Rothwell believes that her injuries will result in some permanent disability, all to her general damage in an amount which will be stated according to proof at the time of trial.

16. Plaintiff would show the Court that the negligent acts and omissions of Defendants and any statutory violations, as set out above, separately and collectively, were a direct and proximate cause of the Incident in Question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*.

## SECOND CAUSE OF ACTION -- PREMISE LIABILITY

17. Plaintiff realleges as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained above, inclusive.

18. At all times mentioned herein, Defendants, jointly and severally, negligently, carelessly and recklessly owned, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the Premises, and/or permitted or created the dangerous condition on the Premises so as to cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the conditions of the Premises were such that individuals upon the Premises, including Plaintiff, was exposed to danger and injury while lawfully on the Premises. Defendants, jointly and severally, failed to warn Plaintiff of the dangerous conditions that existed at the Premises.

19. Defendants knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, care, control and maintenance were taken of the Premises, that a dangerous but deceptive condition existed on Defendants' Premises. Defendants negligently failed to take reasonable precautions to prevent injuries to persons lawfully on the Premises, including Plaintiff.

20. On or about the above-referenced date and place, Defendants, jointly and severally, negligently and carelessly owned, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled, supervised, and/or permitted the Premises so as to cause Plaintiff Rothwell to be injured by Defendants' horse and thereby directly causing her injuries and Plaintiff's damages as described herein.

**THIRD CAUSE OF ACTION – NEGLIGENCE**

21. Plaintiff realleges, as though fully set forth at length and incorporate herein by reference, all of the allegations and statements contained above, inclusive.

22. At all material times, Defendants possessed, owned, operated, managed, and/or controlled animals, including the horse that Ms. Rothwell rode (hereinafter referred to as "the horse in question") on their Premises, and conducted equine activities thereon.

23. At all material times, Defendants had a duty to maintain, operate, and conduct equine activities on the Premises in a safe, reasonable, and prudent manner for the benefit of any invitees and licensees on the Premises, including Plaintiff.

24. At all material times, Defendants breached their duty of care, and were negligent and careless, and demonstrated a willful and wanton disregard for the safety of Plaintiff in ways that include, but were not limited to, the following:

    (1) Defendants' failure to properly and reasonably care for their animals, including the horse Ms. Rothwell rode;

(2) Defendants' failure to properly and reasonably learn and know about their horses, including the horse in question, or their health;

(3) Defendants' failure to adequately supervise, instruct, or warn Plaintiff about the horse in question;

(4) Defendants' failure to select an adequately and appropriately trained and safe horse for Plaintiff to be around;

(5) Defendants' selection of the horse in question for Plaintiff to be around, when they knew or should have known that the horse had or developed vicious or dangerous propensities abnormal to other horses at the time of the incident in question;

(6) Defendants' failure to provide Plaintiff with adequate and appropriate instructions and guidance to permit her to safely be around the horse in question;

(7) Defendants' failure to make reasonable and prudent efforts to determine the ability of Plaintiff to safely engage in any equine activities with the horse in question;

(8) Defendants' failure to maintain the Premises and its equipment and features in a reasonably safe condition for the equine activities that Plaintiff participated in;

(9) Defendants' failure to hire, retain, and train competent and reasonably skilled personnel to conduct or supervise or manage equine activities;

(10) Defendants' failure to adopt reasonable policies, practices, and procedures for the safe pursuit of equine activities on their Premises; and

(11) Defendants' failure to provide adequate warning to Plaintiff of dangerous conditions on the Premises associated with the equine activities being conducted thereon.

25. Defendants knew, should have known, or had reason to know, of their above-listed breaches of duty, but they acted negligently or negligently failed to act, and as a direct result, caused serious and continuing injuries and damages to Plaintiff Rothwell.

## V. CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

26. Plaintiff claims all lawful pre-judgment and post-judgment interest on the damages suffered by Plaintiff.

## VI. DAMAGES

27. Adopting and incorporating the facts stated herein, as a direct and proximate result of the incident in question, and Defendants' acts or omissions as described herein, Plaintiff was caused to suffer mental anguish and endure anxiety, physical pain and impairing injuries, including past and future losses which include:

    A. pain and suffering, past and future;

    B. mental anguish, past and future;

    C. physical impairment, past and future;

    D. medical expenses, past and future;

    E. disfigurement, past and future; and,

    F. loss of earnings and earning capacity.

## VII. JURY DEMAND

28. Plaintiff hereby demands a jury trial on the issues in this case and respectfully requests that this cause be placed on the Jury Docket and the appropriate fees have been tendered.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon the trial of this cause that Plaintiff have judgment against Defendants, jointly and severally, for all of her damages as set out herein, pre-judgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all cost of court, and for such other and further relief, both general and special, either at law or in equity, to which Plaintiff may show herself justly entitled.

                                                                           Respectfully submitted,

                                                                           CLARK │ VON PLONSKI │ ANDERSON

By: /s/ *Collen A. Clark*
**COLLEN A. CLARK**
State Bar No. 04309100
**JACOB L. von PLONSKI**
State Bar No. 24098554
**R. CONNOR BARBE**
State Bar No. 24108598
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500
214-780-0501 Facsimile
Eservice – eservice@cvpalaw.com

**ATTORNEYS FOR PLAINTIFF**