UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRISH ROTHWELL | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-116-SDJ |
| | § | |
| MARSHALL CREEK RANCH, LLC, | § | |
| ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for New Trial. (Dkt. #51). Therein, Plaintiff Trish Rothwell ("Rothwell") asks the Court to vacate its Final Judgment, (Dkt. #50), which granted Defendants' motion for summary judgment, (Dkt. #27). Defendants Marshall Creek Ranch, LLC and Shandra Doran (collectively, "Marshall Creek Ranch") oppose the motion. (Dkt. #52). Having considered the briefing and applicable law, the Court concludes that the motion should be denied.

**I.**

A Rule 59(e) motion to alter or amend a judgment "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citing 11 *Wright & Miller's Federal Practice & Procedure* § 2810.1 (2d ed. 1995)). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the

1

judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).

## II.

As the Fifth Circuit has admonished, a Rule 59(e) motion may not be used simply for "rehashing evidence, legal theories, or arguments that could have been raised before the entry of judgment" or to relitigate matters that were not resolved to the movant's satisfaction. *In re Deepwater Horizon*, 785 F.3d 986, 992 (5th Cir. 2015) (quoting *Templet*, 367 F.3d at 479); *see also Smith v. Osborne*, No. 4:18-CV-906, 2020 WL 4808605, at *1 (E.D. Tex. July 14, 2020) (explaining that "mere disagreement" with an order does not warrant reconsideration), *report and recommendation adopted*, 2020 WL 4785069 (E.D. Tex. Aug. 18, 2020).

Here, Rothwell relitigates issues that have already been thoroughly considered and decided by the Court. In the motion, Rothwell asserts that there is a manifest error of law in the Court's final judgment because the liability waiver at issue (1) is not conspicuous, (2) does not unequivocally identify the causes of action being released, (3) is ambiguous, and (4) violates public policy. (Dkt. #51 at 3–9). These arguments are the same arguments previously raised by Rothwell in her Objections to the Report and Recommendation of United States Magistrate Judge, (Dkt. #48) (objecting to (Dkt. #41)). *Compare* (Dkt. #51), *with* (Dkt. #48). And, as explained in the Memorandum Adopting Report and Recommendation of United States Magistrate Judge, the Court "conducted a de novo review of Plaintiff's objections" and concluded that "the findings of the Magistrate Judge are correct." (Dkt. #49 at 1).

Because Rothwell fails to present any argument that this Court has not already considered and rejected, there is no basis for the "extraordinary remedy" of altering or amending the Court's previous judgment granting Marshall Creek Ranch's motion for summary judgment.

It is therefore **ORDERED** that Plaintiff Trish Rothwell's Motion for New Trial, (Dkt. #51), is **DENIED**.

**So ORDERED and SIGNED this 9th day of February, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE